**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:                                        Chapter 11

733 PROSPECT REALTY SERVICE          Case No.: 17-10957 (MKV)
CORP.,

                    Debtor.

---

### STIPULATION AND AGREED ORDER CONDITIONALLY GRANTING MOTION OF THE TAX LIEN TRUST FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE

This Stipulation and Agreed Order ("**Stipulation and Agreed Order**") conditionally

granting the motion of NYCTL 1998-2/MTAG (the "**Trust**"), filed on July 26, 2017 [ECF No.

11] ("**Motion**") seeking, on notice of presentment, an Order granting the Trust relief from the

automatic stay pursuant to section 362(d) of Title 11 of the United States Code ("**Bankruptcy**

**Code**") to allow the Trust to foreclose on its liens on certain real estate located at 733 Prospect

Avenue, Bronx, New York 10455, BBL 2-02675-0051 (the "**Property**") owned by 733 Prospect

Realty Service Corp. (the "**Debtor**"), is made as of the date set forth below by and between the

Debtor and the Trust (collectively, the "**Parties**," and each, a "**Party**"), acting by and through

their undersigned counsel.

**WHEREAS**, on April 10, 2017 ("**Petition Date**"), the Debtor filed a voluntary petition

for relief pursuant to Chapter 11 of Title 11 the Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**");

**WHEREAS**, as of the Petition Date, the Debtor is the owner of the Property;

**WHEREAS**, the Trust holds tax lien claims against the Property as evidenced by the

proofs of claim filed in this case on May 8, 2017 (Claim Numbers 2 and 3) ("**Tax Claims**");

- 2 –

**WHEREAS**, as of the Petition Date, the aggregate amount of the Tax Claims is $257,431.93;

**WHEREAS**, before the Petition Date, the Trust had commenced a state court tax lien foreclosure action with respect to the Property by the filing and service of a Summons and Complaint dated April 5, 2014 in the Supreme Court of the State of New York ("**State Court**"), County of Bronx (Index No. 260274-14) ("**Foreclosure Action**");

**WHEREAS**, in the Foreclosure Action, the State Court entered a Judgment of Foreclosure and Sale on December 5, 2015, and, after a number of adjournments granted by the Trust at the request of the Debtor, a foreclosure sale was scheduled for April 10, 2017;

**WHEREAS**, the Debtor filed for bankruptcy relief on the day that the foreclosure sale was scheduled;

**WHEREAS**, on July 26, 2017, the Trust filed the Motion;

**WHEREAS**, the Debtor consents to grant the Trust conditional relief from the automatic stay in effect in this bankruptcy case on the terms and conditions set forth in the Stipulation and Agreed Order.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, which agreement, when "so-ordered" by the Bankruptcy Court, shall constitute an Order of the Bankruptcy Court, as follows:

1.      The Motion is resolved between the Parties as set forth herein.

2.      Commencing on the date which is five (5) days after entry of this Stipulation and Agreed Order ("**Initial Interest Payment Date**") through and including March 15, 2018 ("**Interest Payment Period**"), the Debtor shall make seven (7) monthly interest payments to the

- 3 –

Trust in an amount not less than $5,354.76 per month in partial payment of accrued post-petition interest on account of the Tax Claims.

3.      During the Interest Payment Period, each payment of post-petition interest shall be made on the fifteenth day of each month, with the exception of the first monthly payment which shall be on the Initial Interest Payment Date.

4.      All payments made to the Trust pursuant to the terms of this Stipulation and Agreed Order shall be made payable to "NYCTL 1998-2/MTAG" and delivered to the Trust at the following address:

| | |
|---|---|
| If by regular mail: | NYCTL 1998-2/MTAG<br>P.O. Box 223762<br>Pittsburgh, PA 15251-2762 |
| If by overnight courier: | NYCTL 1998-2/MTAG<br>500 Ross Street 154-0455<br>Pittsburgh, PA 15262-0001 |

5.      On or before January 1, 2018, the Debtor shall do each of the following: (i) obtain an order of the Bankruptcy Court authorizing the retention of bankruptcy counsel; (ii) if the Property is to be sold in this bankruptcy case, file an application with the Bankruptcy Court seeking authority to retain a real estate broker or auctioneer, which application shall annex an executed proposed retainer agreement; and (iii) provide counsel to the Trust and the Office of the United States Trustee with a copy of either (a) a fully-executed and enforceable contract of sale whereby the Debtor agrees to sell the Property to a non-affiliate third party for a purchase price which shall generate net sale proceeds in an amount in excess of all liens, claims and encumbrances on the Property, subject to higher and better offers and approval of the Bankruptcy Court ("**Sale**"), or (b) a signed commitment letter or term sheet from a lender

- 4 –

seeking to provide financing to the Debtor which shall generate net loan proceeds in an amount

in excess of all liens, claims and encumbrances on the Property ("**Refinancing**").

6.    On or before March 16, 2018, a closing for either the Sale or Refinancing shall

occur on which date the Tax Claims shall be paid in full,  including all post-petition charges,

from the proceeds of the Sale.

7.    The Debtor shall timely make any payment of real property taxes, water and

sewer charges and other assessments assessed against the Property after the date of entry of this

Stipulation and Agreed Order as required by applicable nonbankruptcy law and shall provide

proof of such payment to the Trust and its counsel within five (5) days after each payment.

8.    In the event that Debtor fails to comply with any of the provisions of this

Stipulation and Agreed Order, including, without limitation, any of the deadlines set forth herein,

which may only be extended by written consent of the Trust in its sole discretion, the Trust may

submit a certificate to the Bankruptcy Court setting forth the circumstances of the Debtor's

failure to comply with the terms of this Stipulation and Agreed Order and settling an order, upon

five (5) days' written notice to the Debtor and the Office of the United States Trustee,

terminating the automatic stay pursuant to section 362(d) of the Bankruptcy Code in favor of the

Trust and its successors and/or assigns to permit the Trust to exercise its rights and remedies with

respect to the Property, including, without limitation, to proceed with the Foreclosure Action.

9.    Any proposed [s/ MKV] order terminating the automatic stay in favor of the Trust

shall provide request [s/ MKV] that Rule 4001(a)(3) of the Federal Rules of Bankruptcy

Procedure staying an order granting a motion for relief from the automatic stay for 14 days is

waived, which request shall not be opposed by the Debtor [s/MKV].

**Formatted:** Strikethrough

- 5 –

10.     Upon entry of this Stipulation and Agreed Order, the Motion shall be marked settled and withdrawn from the calendar of the Bankruptcy Court.

11.     The Bankruptcy Court shall retain jurisdiction to resolve any dispute relating to or arising from this Stipulation and Agreed Order, including its enforcement.

12.     The Parties are authorized to take all actions necessary to effectuate the relief provided by this Stipulation and Agreed Order.

13.     The terms and conditions of the Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

14.     This Stipulation and Agreed Order constitutes the entire agreement of the Parties. No modification, amendment or waiver of any of the provisions of this Stipulation and Agreed Order shall be effective unless in writing and signed by the Parties.

15.     Should any paragraph, provision or clause in this Stipulation and Agreed Order be found to be ineffective, invalid or unenforceable, the remainder of this Stipulation and Agreed Order shall be valid and enforceable, and the Parties shall negotiate, in good faith, a substitute, valid and enforceable provision which more clearly reflects the Parties' intent in entering into this Stipulation and Agreed Order.

16.     Each Party to this Stipulation and Agreed Order represents that it fully understands the terms hereof.  This Stipulation and Agreed Order shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

17.     This Stipulation and Agreed Order, and the rights and obligations of the Parties hereunder, shall be governed by, and construed and interpreted in accordance with, the laws of the State of New York, without regard to principles of conflicts of laws.

- 6 –

18.     This Stipulation and Agreed Order may be executed in counterparts, each of which shall constitute an original, and all of which when taken together shall constitute one document.  A facsimile or PDF (portable document format) copy of the executed Stipulation and Agreed Order shall serve as an original.

AGREED TO BY:

Dated: New York, New York          ALBERT H. BARKEY, ESQ.
          September 15, 2017

                                        By:      /s/ Albert H. Barkey
                                                 Albert H. Barkey
                                                 Attorney for the Debtor
                                                 277 Broadway, Suite 408
                                                 New York, New York 10007
                                                 Telephone No.: (646) 410-1818

Dated: New York, New York          PHILLIPS LYTLE LLP
          September 15, 2017

                                        By:      /s/ Nickolas Karavolas
                                                 Nickolas Karavolas
                                                 Attorneys for the Trust
                                                 340 Madison Avenue, 17th Floor
                                                 New York, New York  10173
                                                 Telephone No. (212) 759-4888


**SO ORDERED:**


Dated: New York, New York
          September 29, 2017

                                          s/ Mary Kay Vyskocil
                                        Honorable Mary Kay Vyskocil
                                        United States Bankruptcy Judge