UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————    Chapter 11

In re:

733 PROSPECT REALTY SERVICE CORP.,    Case No. 17-10957 (MKV)
                                      Debtor.
———————————————————————

**DEBTOR'S PLAN OF REORGANIZATION**

ARTICLE I
SUMMARY

This Plan of Reorganization ("Plan") under Chapter 11 of the Bankruptcy Code ("Code") proposes to pay creditors of 733 Prospect Realty Service Corp. ("Debtor") in full from the sale of its real property known as 733 Prospect Avenue, Bronx, NY 10455 ("Premises") at the title closing.

This Plan provides for one class of priority claims, one class of secured claims; one class of unsecured nonpriority claims; and one class of equity security holders. Unsecured nonpriority creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at one-hundred cents on the dollar. This Plan also provides for the payment of administrative and priority claims if payment is not in full on the effective date of this Plan with respect to any such claim (to the extent permitted by the Code or the claimant's agreement).

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A

disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

2.01  Class 1.  All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02  Class 2.  All secured claims — including the claims of the New York City Department of Finance, New York City Water Board, New York City Department of Housing Preservation & Development, New York City Office of Administrative Trials and Hearings, and the two claims of NYCTL 1998-2/MTAG — to the extent allowed as secured claims under § 506 of the Code.

2.03  Class 3.  All unsecured claims allowed under § 502 of the Code, to include the claims of the Internal Revenue Service and the Consolidated Edison Company of New York, Inc.

2.04  Class 4.  Equity interests of the Debtor: its stockholder(s).

ARTICLE III
TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.   Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02    Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor: Debtor's attorney fees shall be paid from the proceeds of title closing in the sale of the Premises pursuant to specific approval by the Court.

3.03    Priority Tax Claims.   Each holder of a priority tax claim — including the Internal Revenue Service, the New York State Department of Taxation and Finance, and the New York State Department of Labor — shall be paid in full at the title closing in the sale of the Premises.

3.04    United States Trustee Fees.   All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE IV
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| 1 | Unimpaired | Full payment at the title closing in the sale of the Premises. |
| 2 | Unimpaired | Full payment at the title closing in the sale of the Premises. |
| 3 | Unimpaired | Full payment at the title closing in the sale of the Premises. |
| 4 | Unimpaired | Stockholder(s) to retain full stock ownership in Debtor. |

ARTICLE V
ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim.   A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim.   No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   Settlement of Disputed Claims.   The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and

compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) Debtor assumes the following executory contracts and/or unexpired leases: the contract of sale with its riders for the sale of the Premises for $2,400,000 to Uri Mermelstein and assignee with the contract by Debtor to pay the 6% broker's commission to Exit Realty Search (broker Benny Diasparra) at title closing. The confirmation of this Plan shall be Court approval of said executory contracts.

(b) Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE VII
### MEANS FOR IMPLEMENTATION OF THE PLAN

7.01 Debtor will pay its creditors from the sale of its Premises at the title closing pursuant to confirmation of the Plan: Debtor's contract of sale with its riders for the sale of the Premises for $2,400,000 to Uri Mermelstein and assignee is attached and incorporated herein by reference; Debtor's contract to pay the 6% broker's commission to Exit Realty Search (broker Benny Diasparra) at title

closing is attached and incorporated herein by reference.

7.02  Funds from the sale of the Premises shall pay all allowed claims in full at the title closing. And funds shall be further held in escrow to the extent necessary to ensure payment in full on all disputed claims herein until said claims are finally allowed and paid or until said claims are finally disallowed.

7.03  Debtor shall hold in escrow the sum of $100,000 in connection with payment of administrative expenses, with disbursement subject to Court approval.

7.04  Debtor shall retain all residual funds after payment in full of all allowed claims.

ARTICLE VIII
GENERAL PROVISIONS

8.01  Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code (hereinafter "Code") shall apply when terms defined or construed in the Code are used in this Plan. They are supplemented by the following definitions:

- "Premises" means the Debtor's real property known as 733 Prospect Avenue, Bronx, NY 10455 and also known as Bronx County: Tax Block 02675, Tax Lot 0051; and

- "Closing" or "title closing" means the settlement of the obligations of the Debtor as Seller and the obligations of the Purchaser to each other under the contract of sale with its riders for the sale of the Premises for $2,400,000 and includes the payment of that much of the purchase price that is sufficient to pay all

claims herein in full, and the corresponding delivery to the Purchaser of the deed to the Premises.

8.02  Effective Date of Plan.  The "effective date" of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03  Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04  Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06  Controlling Effect.  Except as otherwise provided in this Plan, unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York shall govern this Plan and any agreements, documents, and instruments executed in connection with this Plan.

8.07  Corporate Governance.  In accordance with § 1123(a)(6) of the Code,

Debtor shall continue as a privately held corporation with its one class of stock.

## ARTICLE IX
## NO DISCHARGE OF DEBTOR

9.01  No Discharge.  In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

## ARTICLE X
## OTHER PROVISIONS

10.01  Debtor reserves the right to amend or modify the Plan to the full extent permitted by law.

10.02  Debtor shall have a ten day grace period to make any payment required under the Plan. Partial pre-payments by the Debtor shall be applied against the payments in the inverse order of their due date.

10.03  Upon payment in full on their claims, all mortgagee and judgment creditors with respect to the Premises shall forthwith issue satisfactions, vacate their judgments, release their liens, cancel any notice of pendency, and discontinue any pending related court actions.

10.04  The Court shall retain exclusive jurisdiction for the following purposes:

    (a)  to determine all objections to Claims;

    (b)  to permit amendments to Schedules;

    (c)  to determine all Administrative Claims including, without limitation, applications for the allowance of compensation and reimbursement of

expenses, provided that applications for allowance of compensation and reimbursement of expenses shall be filed within 180 days after the effective date of this Plan;

      (d)  to estimate all Disputed Claims;

      (e)  to determine all applications and adversary proceedings pending on the effective date of this Plan or filed or commenced within 180 days thereafter;

      (f)  to determine all disputes concerning the interpretation of the Plan and to correct any defect, cure any omission, reconcile any inconsistency in the Plan;

      (g)  to enforce any orders, including the Confirmation Order, entered in connection with Debtor's Chapter 11 case.

      (h)  to enter such orders as may be necessary or appropriate in aid of confirmation and to facilitate the Plan, including full and continuing jurisdiction over the postpetition contract for the sale of Debtor's Premises and any disputes, issues, and matters relating thereto;

      (i)  to modify the Plan to the full extent permitted by the Code;

      (j)  to determine such other matters as may be provided for in the Confirmation Order; and

      (k)  to enter a Final Order closing Debtor's Chapter 11 case.

Dated:  New York, New York
        March 26, 2018

                Respectfully submitted,

                733 Prospect Realty Service Corp.


                By:  */s/ Maria Lopez Perez*
                      Maria Lopez Perez, President

                Albert H. Barkey
                Attorney for Debtor


                By:  */s/ Albert H. Barkey*
                      Albert H. Barkey
                Attorney for Debtor
                277 Broadway, Suite 408
                New York, NY 10007
                (646) 410-1818
                ahboffice@yahoo.com